FILED
BRIAN S. DANIEL
NOV 13 2025
CIRCUIT CLERK
CLARK COUNTY, ARKANSAS

IN THE CIRCUIT COURT OF CLARK COUNTY, ARKANSAS
CIVIL DIVISION

PHARMACY CARE OF ARKANSAS, LLC                          PLAINTIFF

V.                          CASE NO.: 10CV-25-329

ACADIA MANAGEMENT COMPANY, LLC
& HABILITATION CENTER, LLC                              DEFENDANTS

## COMPLAINT

COMES NOW, the Plaintiff, Pharmacy Care of Arkansas, LLC, by and through its

attorneys, McMillan, McCorkle & Curry, LLP, by Philip McCorkle, and for its Complaint

against the Defendants, Acadia Management Company, LLC and Habilitation Center, LLC,

states as follows:

### PARTIES, VENUE & JURISDICTION

1.      The Plaintiff, Pharmacy Care of Arkansas, LLC, is an Arkansas limited liability

company with its principal place of business in Clark County, Arkansas.

2.      The Defendant, Acadia Management Company, LLC, is a Delaware limited

liability company with its principal place of business in Tennessee.

3.      The Defendant, Habilitation Center, LLC, is an Arkansas limited liability

company with its principal place of business in Arkansas.

4.      The parties entered into a contract for pharmacy services in Arkansas and the

contract has a forum selection clause which states venue for any legal action to enforce or

interpret the contract will be in Clark County, Arkansas.

1

EXHIBIT
1

5.     This Court has jurisdiction over the subject matter and parties hereto and venue is proper.

## FACTUAL BACKGROUND

6.     The preceding facts and allegations are incorporated herein.

7.     The Plaintiff operates a pharmacy which provides pharmacy services to residential care facilities in Arkansas.

8.     The Defendants provide healthcare services for minors in psychiatric residential care facilities in Arkansas.

9.     Habilitation Center, LLC is an Arkansas affiliate of Acadia Management Company, LLC and it operates psychiatric residential treatment facilities for minors in Fordyce, Arkansas and Conway, Arkansas.  The facility in Fordyce, Arkansas does business as Millcreek of Arkansas and the facility in Conway, Arkansas does business as Little Creek Behavioral Health.

10.     The parties entered into a contract for pharmacy services.  A copy of the contract (titled "Pharmacy Services Provider Agreement") is attached hereto as Exhibit "A" and is incorporated herein.

11.     The Plaintiff agreed to provide pharmacy services to the facilities and the residents as set forth in the contract.

12.     The Defendants agreed  to  pay for the pharmacy services as set forth in the contract.

13.     The pharmacy services included  providing medications and supplies.

2

14.     The Defendants have failed to make payments to the Plaintiff for the pharmacy services provided by the Plaintiff pursuant to the terms of the contract.

## **BREACH OF CONTRACT**

15.     The preceding facts and allegations are incorporated herein.

16.     The Plaintiff and Defendants entered into a contract for pharmacy services.

17.     The Defendants breached the contract with the Plaintiff for pharmacy services.

18.     The Defendants have failed to make the payments they agreed to make to the Plaintiff for the pharmacy services.

19.     The Plaintiff performed all of its obligations under the terms of the contract.

20.     The last payment made to the Plaintiff for the pharmacy services was in August 2024.

21.     The Defendants owe the Plaintiff $495,018.40 for the pharmacy services provided.

22.     The Plaintiff demands a jury trial.

23.     The Plaintiff reserves the right to plead further.

WHEREFORE, the Plaintiff prays for a judgment against the Defendants, jointly and severally, in the amount of $495,018.40, plus pre-judgment interest, post-judgment interest, attorney's fees, costs and for all other relief to which it is entitled.

Respectfully submitted,

McMILLAN, McCORKLE & CURRY, LLP
929 Main Street
P. O. Box 607
Arkadelphia, AR  71923
(870) 246-2468
(870) 246-3851 - Facsimile
E-mail: jpm@mtmc-law.com

By:_____
        Philip McCorkle
        Arkansas Bar No. 2002088

### Pharmacy Services Provider Agreement

On this July 01, 2022, Acadia Management Company, LLC and its affiliates, collectively referred to herein as "Client", and Pharmacy Care of Arkansas, LLC ("AllCare") or "Pharmacy" enter into the following Pharmacy Services Provider Agreement ("Agreement"):

### Recitals

Client provides healthcare services for minors ("Residents") in a Psychiatric Residential Treatment Facility (PRTF) Listed on the Facility List and operating in Arkansas.  AllCare provides pharmacy services for Client's Residents.

This Agreement supersedes and replaces all other agreements between the parties as it relates to pharmacy services provided after June 30, 2022.

### Agreement

In consideration of the mutual covenants contained herein and for the reliance of the parties hereto, Client and AllCare agree as follows:

Term: One year beginning on the Effective Date with automatic one-year renewal periods, Effective Date: July 1, 2022

**AllCare agrees to:**

1.  provide medications and supplies as ordered by Residents' prescribers and staff to Client in compliance with applicable federal and state laws and regulations
2.  deliver medications and supplies to Client
3.  maintain a supply of medications including Schedule II medications and injectables to be used to process and fill all orders received (should a medication not be available AllCare will notify Client to determine if the medication should be ordered when it is available or if a substitute medication should be ordered)
4.  provide Client with a manifest for each medication and supply delivery showing the status and quantity of each medication delivered
5.  provide documentation and billing information to Client of services, medications and supplies provided

**Client agrees to:**

1.  permit AllCare access to Resident's medical records as necessary and AllCare shall maintain confidentiality pursuant to HIPAA and fully executed Business Associated Agreement(BAA).
2.  provide to AllCare complete reimbursement information on each Resident including, but not limited to, insurance information, Medicaid eligibility, home state, and any responsible party's name, address, and basic demographic information to the extent required
3.  place all orders for medications and supplies by written request (i.e. original prescription, electronic record transmission, facsimile, etc.). If verbal orders are necessary, a written order must be provided as soon as possible (unless applicable law or regulation dictates otherwise)

**Billing:**

a.  Pharmacy services for Residents who qualify for Arkansas Medicaid will be submitted by AllCare to Arkansas Medicaid for payment.  Client will identify, on a face sheet or otherwise, which Residents qualify by providing the following information for each Resident: state of residency, status (i.e. pending or approved), and Medicaid number.



EXHIBIT

A

1

b. Pharmacy services for Residents of the states listed on Exhibit A will be billed to Client. Note: The states listed on Exhibit A are either contracted with Client on an "all inclusive" basis, have rules which limit Medicaid reimbursements, or otherwise are not feasible for AllCare to enroll in that state's Medicaid program. Client will provide a list to AllCare (and update as necessary) identifying each state where it is contracted for "all inclusive" services or where the state is paying Client directly for pharmacy services provided to the Residents. Additionally, Client agrees to pay AllCare for pharmacy services provided for Residents of the states listed on Exhibit A for the time period of July 01, 2022 through the end of the contract term.

c. Any prescription written by an unapproved physician, Client or Resident will assume financial responsible.

d. Client will work with AllCare to enroll and approved new credentialed physicians within 30 days from the day of notification. Client is responsible to notified AllCare of any new physician.

e. Pharmacy services for Residents of the states listed on Exhibit B will be submitted to the respective state's Medicaid program. Should the Medicaid program deny payment for a reason unrelated to AllCare (i.e. the doctor is not enrolled or the state doesn't pay for that particular service, etc.), the denied charges will be billed to Client. If for any reason such denial of payment occurs, Client will notify AllCare within 30 days of service. AllCare will begin the enrollment process  in these state's programs within 30 days of notification, Client will be responsible for payment of the Resident pharmacy services. Once AllCare enrolled the states or Resident payor, AllCare will notify the Client. Either parties may generate notification to update Exhibit B to reflect the enrollment. Notwithstanding the foregoing, if AllCare determines it is not economically feasible to enroll in a particular state's program, it will notify Client of same and the parties will reach an agreement on how to proceed.

f. Should AllCare receive a prescription for a Resident of a state not included on either Exhibit A or B, it will be billed to and paid by Client unless a different agreement is reached before the prescription is filled. AllCare agrees to enroll states not listed on Exhibit A or B within thirty-days (30) from the date the facility requested unless such enrollment is not economically feasible.

g. If for any reason, AllCare does not submit the invoice for Resident services to Client within 90 days of service; AllCare will assume responsibility for such service.

h. For all charges billed to Client payment will be due 30 days from the date of the statement. Medications will be priced pursuant to Exhibit C.

i. Either party may terminate its participation in this Agreement without penalty or cost at any time without cause by giving at least (60) sixty days' prior written notice to the other party. Such notice need not include any statement or explanation of the reasons for such termination.

j. AllCare shall have the right to terminate this Agreement at any time by providing 30 day notice to Client for the following reasons:

k. failure of payment by either Client, Medicaid, or other payer;
l. the applicable Medicaid rates are not acceptable to AllCare; or
m. the overall economics of the relationship, in AllCare's judgment, does not support the level of service required.

2

**General Terms:**

Notice: Any notice required to be provided to any party to this Agreement shall be in writing and shall be considered effective three days after the date of deposit with the United States Postal Service by certified or registered mail, first class postage prepaid, return receipt requested and addressed to the party as provided on the signature line of this Agreement.

WITH COPY TO:

Acadia Healthcare Company, Inc.
6100 Tower Circle
Suite 1000
Franklin, TN 37067
ATTN: General Counsel

I.  Scope: This Agreement pertains to medications and supplies ordered for Residents who choose AllCare as their pharmacy.

II.  Successors and Assigns: This Agreement is binding upon and intended to inure to the benefit of each party including their successors and permitted assigns.

III.  Final agreement: This Agreement supersedes all previous agreements, oral or written, between the parties and embodies the complete Agreement between the parties. This Agreement may only be amended or modified by written agreement signed by both parties.

IV.  Choice of law and forum: The laws of the State of Arkansas govern this Agreement. The venue for any legal action to enforce or interpret this Agreement will be a Court with competent jurisdiction for Clark County, Arkansas.

V.  Waiver: Any waiver by any party to any act, failure to act or breach on the part of any other party will not constitute a wavier by such waiving party of any prior or subsequent act or failure to act or breach by such other party.

VI.  Relationship of parties: AllCare is an independent provider and nothing in this Agreement is intended to indicate or establish any other type of legal relationship such as employment or partnership. AllCare retains discretion and judgment regarding the manner and means of performing its obligations under this Agreement.

VII.  Indemnity: Allcare agrees to indemnify and hold Client harmless from any and all liability, loss, costs and expenses incurred directly or indirectly from any acts, errors or omissions caused by AllCare, its agents, employees, or invitees from any claim arising from or relating to AllCare's performance under this Agreement. Client agrees to indemnify and hold AllCare harmless from any and all liability, loss, costs and expenses incurred directly or indirectly from any acts, errors or omissions by Client, its agents, employees or invitees from any claim arising from or relating to Client's performance under this Agreement. Each party shall immediately notify the other of any incident or occurrence, which may give rise to a claim for indemnity.

VIII.  Insurance: Each party represents to the other party that it is covered by a liability insurance policy, including coverage for acts of professional malpractice with minimal coverage limits of $250,000 per person or incident up to $500,000 aggregate per year. Upon request each party agrees to produce proof of such insurance coverage. Both parties agree to maintain such coverage throughout the term of this Agreement.

IX.  Confidentiality: Each party agrees that it will not at any time, in any fashion, form or manner, either directly or indirectly, divulge, disclose or communicate to any person, firm or corporation, other than its employees and professional advisors, any information of any kind, nature or description concerning any matter relating to the subject matter of this Agreement, including all manuals, policies, procedures and evaluation and treatment forms, unless otherwise expressly authorized herein or required by valid Court order.

3

X.     HIPAA Compliance: The Parties agree to perform their responsibilities under this Agreement in a manner that complies with the provisions of the Health Insurance Portability and Accountability Act, or any other regulations as implemented from time to time by applicable regulatory programs related to Protected Health Information. To that end, the parties will execute as an Addendum to this Agreement a Business Associate Agreement.

XI.     Authority: Each party represents and warrants that it is a duly organized corporation, partnership or LLC authorized to do business in the State of Arkansas and that it has all necessary qualifications, certifications and licenses required by federal, state and local laws and regulations to meet its obligations under this Agreement.

It is so agreed.

Acadia Management Company, LLC

By: _____

Name: _Lee Dubois_

Title: _VP Procurement_

Date: _3/2/23_

Pharmacy Care of Arkansas, LLC

By: _W. Perry Malone_

Name: _W. Perry Malone_

Title: _Pres_

Date: _3-7-23_

4

**Facility List**

| Name | Address | City | State | Postal Code |
|---|---|---|---|---|
| Millcreek of Arkansas | 1810 Industrial Dr | Fordyce | AR | 71742-7110 |
| Piney Ridge Treatment Center | 2805 E Zion Rd | Fayetteville | AR | 72703-5195 |
| Little Creek Behavioral Health | 161 Skunk Hollow Road | Conway | AR | 72032 |

**Exhibit A**

This list is subject to change based on the facilities requirement

"All-Inclusive," Limited Medicaid, or Direct Pay States

Montana
Oklahoma
Pennsylvania
Nevada
Kentucky

**Exhibit B**
**Enrolled States**

This list is subject to change base on the facilities requirement

Arkansas
Ohio
Hawaii

**Exhibit C**
**Pricing**

Prescription medications billed to Client will be priced at the then current Medicaid rate.

Over-the-counter medications billed to Client will be priced at cost plus $2.00

IN THE CIRCUIT COURT OF CLARK COUNTY, ARKANSAS
CIVIL DIVISION

PHARMACY CARE OF ARKANSAS, LLC                              PLAINTIFF

V.                          CASE NO.: 10CV- 25- 329

ACADIA MANAGEMENT COMPANY, LLC
& HABILITATION CENTER, LLC                    DEFENDANT
                              SUMMONS

THE STATE OF ARKANSAS TO DEFENDANT:

Habilitation Center, LLC
c/o CT Corporation System, registered agent
320 S. Izard St.
Little Rock, AR 72201

A lawsuit has been filed against you.  The relief demanded is stated in the attached complaint.  Within 30 days after service of this summons on you (not counting the day you received it) — or 60 days if you are incarcerated in any jail, penitentiary, or other correctional facility in Arkansas — you must file with the clerk of this court a written answer to the complaint or a motion under Rule 12 of the Arkansas Rules of Civil Procedure.

The answer or motion must also be served on the plaintiff or plaintiff's attorney, whose name and address are:
Philip McCorkle
Attorney at Law
P.O. Box 607
Arkadelphia, AR 71923.

If you fail to respond within the applicable time period, judgment by default may be entered against you for the relief demanded in the complaint.

Additional notices included:

Address of Clerk's Office                     BRIAN DANIEL, CLERK OF COURT
Clark County Circuit Clerk
Clark County Courthouse
401 Clay St.
Arkadelphia, AR 71923

_____
[Signature of Clerk or Deputy Clerk]

11/13/25
_____
Date

[SEAL]

No. _____ This summons is for Habilitation Center, LLC (*name of Defendant*).

## PROOF OF SERVICE

□ On _____ [date] I personally delivered the summons and complaint to the defendant at _____ [place]; or

□ After making my purpose to deliver the summons and complaint clear, on _____ [date] I left the summons and complaint in the close proximity of the defendant by _____ [describe how the summons and complaint was left] after he/she refused to receive it when I offered it to him/her; or

□ On _____ [date] I left the summons and complaint with _____, a member of the defendant's family at least 18 years of age, at _____ [address], a place where the defendant resides; or

□ On_____ [date] I delivered the summons and complaint to _____ [name of individual], an agent authorized by appointment or by law to receive service of summons on behalf of _____ [name of defendant]; or

□ On _____ [date] at _____ [address], where the defendant maintains an office or other fixed location for the conduct of business, during normal working hours I left the summons and complaint with _____ [name and job description]; or

□ I am the plaintiff or an attorney of record for the plaintiff in a lawsuit, and I served the summons and complaint on the defendant by certified mail, return receipt requested, restricted delivery, as shown by the attached signed return receipt.

□ I am the plaintiff or attorney of record for the plaintiff in this lawsuit, and I mailed a copy of the summons and complaint by first-class mail to the defendant together with two copies of a notice and acknowledgment and received the attached notice and acknowledgment form within twenty days after the date of mailing.

□ Other [specify]:

□ I was unable to execute service because:

My fee is $ _____.

**To be completed if service is by a sheriff or deputy sheriff:**

Date: _____         SHERIFF OF _____ COUNTY, ARKANSAS

By: _____
        [signature of server]

_____
        [printed name, title, and badge number]

**To be completed if service is by a person other than a sheriff or deputy sheriff:**

Date: _____

By: _____
        [signature of server]

_____
        [printed name]

Address: _____

        Phone: _____

Subscribed and sworn to before me this date: _____

        Notary Public _____

My Commission Expires: _____

Additional information regarding service or attempted service:

_____

_____

## IN THE CIRCUIT COURT OF CLARK COUNTY, ARKANSAS
## CIVIL DIVISION

**PHARMACY CARE OF ARKANSAS, LLC**                                **PLAINTIFF**

V.                                    CASE NO.: 10CV- 25- 3͡29

**ACADIA MANAGEMENT COMPANY, LLC**
**& HABILITATION CENTER, LLC**                                     **DEFENDANT**
                              **SUMMONS**

**THE STATE OF ARKANSAS TO DEFENDANT:**

Acadia Management Company, LLC
c/o CT Corporation System, registered agent
300 Montvue Rd.
Knoxville, TN 37919-5546

A lawsuit has been filed against you. The relief demanded is stated in the attached complaint. Within 30 days after service of this summons on you (not counting the day you received it) — or 60 days if you are incarcerated in any jail, penitentiary, or other correctional facility in Arkansas — you must file with the clerk of this court a written answer to the complaint or a motion under Rule 12 of the Arkansas Rules of Civil Procedure.

The answer or motion must also be served on the plaintiff or plaintiff's attorney, whose name and address are:
Philip McCorkle
Attorney at Law
P.O. Box 607
Arkadelphia, AR 71923.

If you fail to respond within the applicable time period, judgment by default may be entered against you for the relief demanded in the complaint.

Additional notices included:

Address of Clerk's Office                         BRIAN DANIEL, CLERK OF COURT
Clark County Circuit Clerk
Clark County Courthouse
401 Clay St.
Arkadelphia, AR 71923

[Signature of Clerk or Deputy Clerk]

11/13/25
Date

[SEAL]



No. _____ This summons is for **Acadia Management Company, LLC** (*name of Defendant*).

## PROOF OF SERVICE

☐ On _____ [date] I personally delivered the summons and complaint to the defendant at _____ [place]; or

☐ After making my purpose to deliver the summons and complaint clear, on _____ [date] I left the summons and complaint in the close proximity of the defendant by _____ [describe how the summons and complaint was left] after he/she refused to receive it when I offered it to him/her; or

☐ On _____ [date] I left the summons and complaint with _____, a member of the defendant's family at least 18 years of age, at _____ [address], a place where the defendant resides; or

☐ On_____ [date] I delivered the summons and complaint to _____ [name of individual], an agent authorized by appointment or by law to receive service of summons on behalf of _____ [name of defendant]; or

☐ On _____ [date] at _____ [address], where the defendant maintains an office or other fixed location for the conduct of business, during normal working hours I left the summons and complaint with _____ [name and job description]; or

☐ I am the plaintiff or an attorney of record for the plaintiff in a lawsuit, and I served the summons and complaint on the defendant by certified mail, return receipt requested, restricted delivery, as shown by the attached signed return receipt.

☐ I am the plaintiff or attorney of record for the plaintiff in this lawsuit, and I mailed a copy of the summons and complaint by first-class mail to the defendant together with two copies of a notice and acknowledgment and received the attached notice and acknowledgment form within twenty days after the date of mailing.

☐ Other [specify]:

☐ I was unable to execute service because:

My fee is $ _____.

**To be completed if service is by a sheriff or deputy sheriff:**

Date: _____          SHERIFF OF _____ COUNTY, ARKANSAS

By: _____
          [signature of server]


_____
          [printed name, title, and badge number]

**To be completed if service is by a person other than a sheriff or deputy sheriff:**

Date: _____

By: _____
          [signature of server]


_____
          [printed name]

Address: _____

        Phone: _____

Subscribed and sworn to before me this date: _____

        Notary Public _____

My Commission Expires: _____




Additional information regarding service or attempted service:


_____

_____

ELECTRONICALLY FILED
Clark County Circuit Court
Brian Daniel, Circuit Clerk
2025-Nov-21 11:20:26
10CV-25-329
C09ED01 : 2 Pages

THE CIRCUIT COURT OF CLARK COUNTY, ARKANSAS
CIVIL DIVISION

PHARMACY CARE OF ARKANSAS, LLC                    PLAINTIFF

V.                        CASE NO.: 10CV- 25- 329

ACADIA MANAGEMENT COMPANY, LLC
& HABILITATION CENTER, LLC                        DEFENDANTS

<u>AFFIDAVIT IN COMPLETION OF SERVICE OF PROCESS</u>

Comes now, Philip McCorkle, and after being duly sworn states:

1.        On November 14th, 2025, I mailed to Habilitation Center, LLC c/o CT

Corporation System, registered agent, the Complaint and Summons filed herein.

2.        The Summons and Complaint were sent to the registered agent of the limited

liability company by certified mail with return receipt requested pursuant to Rule 4(g) of the

ARCP and were received on November 17th, 2025, as evidenced by the official return receipt

card from the United States Postal Service, which is attached hereto as Exhibit "A."

Further, Affiant saith naught.

_____
Philip McCorkle

SUBSCRIBED AND SWORN to before me, a Notary Public, on November 21st, 2025.

_____
Notary Public

My Commission Expires: 3-11-31



**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

*Habilitation Center, LLC*
*c/o CT Corporation System, registered agent*
*320 S. Izard Street*
*Little Rock, AR 72201*

9590 9402 7281 2028 1548 95

2. Article Number *(Transfer from service label)*

7020 0640 0001 3511 1652

PS Form 3811, July 2020 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X CT CORPORATION    ☐ Agent
                    ☐ Addressee

B. Received by *(Printed Name)*    C. Date of Delivery
NOV 1 7 2020

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:       ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery
   ($500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt



EXHIBIT

A

ELECTRONICALLY FILED
Clark County Circuit Court
Brian Daniel, Circuit Clerk
2025-Nov-24  09:19:29
10CV-25-329
C09ED01 : 2 Pages

### THE CIRCUIT COURT OF CLARK COUNTY, ARKANSAS
### CIVIL DIVISION

**PHARMACY CARE OF ARKANSAS, LLC**                                    **PLAINTIFF**

**V.**                                **CASE NO.: 10CV- 25- 329**

**ACADIA MANAGEMENT COMPANY, LLC**
**& HABILITATION CENTER, LLC**                                   **DEFENDANTS**

### AFFIDAVIT IN COMPLETION OF SERVICE OF PROCESS

Comes now, Philip McCorkle, and after being duly sworn states:

1.    On November 14th, 2025, I mailed to Acadia Management Company, LLC c/o CT Corporation System, registered agent, the Complaint and Summons directed filed herein.

2.    The Summons and Complaint were sent to the registered agent of the limited liability company by certified mail with return receipt requested pursuant to Rule 4(g) of the ARCP and were received on November 18th, 2025, as evidenced by the official return receipt card from the United States Postal Service, which is attached hereto as Exhibit "A."

Further, Affiant saith naught.

_____
Philip McCorkle

SUBSCRIBED AND SWORN to before me, a Notary Public, on November 24th , 2025.

_____
Notary Public

My Commission Expires: 3-11-31

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X _____ ☐ Agent ☐ Addressee<br>B. Received by (Printed Name)  C. Date of Delivery<br>NOV 18 2025 |
| 1. Article Addressed to:<br><br>*Acadia Management Company, LLC*<br>*c/o CT Corporation System, registered agent*<br>*300 Montvue Road*<br>*Knoxville, TN 37919-5546* | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No |
| ‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖<br>9590 9402 7281 2028 1549 01 | 3. Service Type<br>☐ Adult Signature<br>☐ Adult Signature Restricted Delivery<br>☑ Certified Mail®<br>☐ Certified Mail Restricted Delivery<br>☐ Collect on Delivery<br>☐ Collect on Delivery Restricted Delivery<br>☐ Insured Mail<br>☐ Insured Mail Restricted Delivery ($500) | ☐ Priority Mail Express®<br>☑ Registered Mail™<br>☐ Registered Mail Restricted Delivery<br>☐ Signature Confirmation™<br>☐ Signature Confirmation Restricted Delivery |
| 2. Article Number (Transfer from service label)<br>7020 0640 0001 3511 1669 | |

PS Form 3811, July 2020 PSN 7530-02-000-9053                Domestic Return Receipt



EXHIBIT
A